UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JULIE STEPHENS,** | : |
| Plaintiff, | : CIVIL ACTION NO.: 5:15-cv-2606 |
| v. | : COMPLAINT |
| **MAXIM HEALTHCARE SERVICES, INC.** | : JURY TRIAL DEMANDED |
| Defendant. | : |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Julie Stephens, by and through undersigned counsel, hereby brings this Complaint against Defendant, MAXIM HEALTHCARE SERVICES, INC. ("Defendant") and states as follows:

1. Plaintiff contends that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, and the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") by knowingly suffering or permitting Plaintiff to work in excess of forty (40) hours during a workweek without paying overtime compensation at a rate of one-and-one-half times her regular rate.

1

2. Plaintiff seeks a declaration that her rights have been violated, an award of unpaid wages, an award of liquidated damages, and award of attorneys' fees and costs to make Plaintiff whole for damages she suffered, and to ensure that Plaintiff and future workers will not be subjected by Defendant to such illegal conduct in the future.

## JURISDICTION AND VENUE

3. This Court has federal question subject-matter jurisdiction over Plaintiff's FLSA claim as it is based on a federal statute, 29 U.S.C. §201 *et seq.*

4. This Court has supplemental jurisdiction over Plaintiff's Ohio Acts claims pursuant to 28 U.S.C. § 1367(a) because this claim arises from a common set of operative facts and are so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant conducts substantial business within this District, and because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

A. **Plaintiff**

6. Plaintiff was employed by Defendant during times material to this Complaint and currently resides at 184 W. Buckeye St. West Salem, Ohio 44287. Plaintiff worked for Defendant as a Home Health Aide (HHA") from approximately November 2004 to approximately April 2012. Plaintiff regularly worked over forty (40) hours per week while employed by Defendant and generally spent over 20% of her time performing general

housekeeping duties (as opposed to patient care). At all times material to this Complaint, Defendant paid Plaintiff her straight hourly rate of approximately $8.80 per hour for all hours worked and failed to pay overtime wages at one-and-one-half times that hourly rate when she worked more than forty (40) hours per week. *See* Plaintiff's Fact Sheet (attached as **Exhibit A**).

7. Plaintiff filed a Consent to Sue in *Lawrence v. Maxim Healthcare Services, Inc.,* 1:12-cv-02600-CAB, United States District Court, Northern District of Ohio Eastern Division, on December 13, 2013, which was decertified by joint stipulation on March 25, 2015 and Plaintiff's claims tolled for sixty (60) days.

**B. Defendant**

8. Defendant is a Maryland corporation which, through hundreds of office locations nationwide, provides in-home personal care, management and/or treatment of a variety of conditions by nurses, therapists, medical social workers, and home health aides. *See* http://www.maximhealthcare.com/services/.

9. Defendant employed Plaintiff as an hourly employee in Ohio as a HHA or CNA.

10. HHAs and CNAs report to Recruiters for operational issues such as scheduling conflicts, payroll issues and payroll questions.

11. HHAs and CNAs report to Clinical Supervisors for any issues that dealt with the clinical side of their job.

12. Recruiters and Clinical Supervisors report to Administrative Officers.

<u>GENERAL ALLEGATIONS</u>

**Plaintiffs**

13. Throughout employment with Defendant, Plaintiff regularly worked more than forty (40) hours per week in the homes of Defendant's clients to whom she was assigned by

Defendant to provide domestic services which at times included general household work.  The work routinely performed including for example: meal preparation and service; cleaning the kitchen, stove, refrigerator and other rooms; shopping for groceries and other items; making beds; washing clothes; washing dishes; mopping/vacuuming floors; dusting; taking out trash; errands outside of the home; attending medical and other appointments; personal hygiene care; and mobility exercises. *See* **Exhibit A**.

14. At all times material to this Complaint, Defendant paid Plaintiff her straight hourly rate for all hours worked and failed to pay Plaintiff overtime wages at one-and-one-half times her hourly rate when Plaintiff worked more than forty (40) hours per week.

**Defendant**

15. It has been Defendant's policy not to pay its HHAs[1] and CNAs overtime at a rate of 150% of the HHAs' and CNAs' regular hourly rate for approximately 25 years.

16. Defendant's decision to classify HHAs and CNAs as exempt under the Companionship Exemption of the FLSA occurred approximately 25 years ago.

17. Defendant's decision to classify HHAs and CNAs as exempt under the Companionship Exemption of the FLSA was not based on any written administrative regulation, order, ruling, approval, or interpretation, of the Administrator of the Wage and Hour Division of the Department of Labor.

18. Defendant made no individualized assessment as to the Plaintiff when deciding to classify her as exempt at the time of her hire.

---

[1] Defendant uses various job titles for what amount to the equivalent title of HHA and CNA, including Caregiver, Certified Home Health Aide ("CHHA"), Centrus CHHA, Certified/Registered Nursing Assistant, Companion, Companion Caregiver - Comp Svc, Daily Living, Direct Care Worker PA Spec, Direct Support Worker, In-Home Respite Wkr Companion, Nursing Assistant, Nursing Assistant Registered, Personal Care Assistant ("PCA"), Personal Care Assistant Homemaker, Personal Care Provider, and Respite Worker. These job titles will be referred to as "HHAs or CNAs."

19. Defendant did not make any individualized assessment as to the Plaintiff's job duties, the amount of time spent performing general housekeeping activities and whether general housekeeping activities were being performed for non-clients living within the residence.

20. Defendant assigned work to Plaintiff, allowed her to perform or was otherwise aware Plaintiff engaged in, work that included both exempt and non-exempt duties.

21. Defendant assigned work to Plaintiff, allowed her to perform or was otherwise aware Plaintiff engaged in, work that rendered fellowship and related companionship services to Defendant's clients to less than 80% of her time per week.

22. Defendant assigned work to Plaintiff that included providing general housekeeping services to Defendant's clients and to other persons/family members who reside in Defendant's client's homes but who are not Defendant's clients. The majority of Plaintiff's time per week consisted of performing non-exempt work, i.e. general housekeeping services for the patient, or any work for non-patient people in the home.

23. Defendant provided instructions to its HHAs on the scope of work to be performed during their employment, and through its supervisors (called recruiters) Defendant monitored the work being performed.

24. Defendant also instructed Plaintiff to do "whatever it takes" to keep its clients happy.

25. Defendant also provides its HHAs a "Plan of Care" for each client it assigns to them.

26. Defendant also requires its HHAs to complete and submit a "Weekly Note" detailing the time they arrived and departed a client's home; the tasks they performed, under the headings of Bathing, Personal, Mobility, Housekeeping, Nutrition, and Toileting/Elimination.

27. Through all the above, and its expertise in providing companionship services and home healthcare services, Defendant knew or should have known that, under 29 C.F.R. § 552.6, the "companionship services" exemption does not apply to an employee who also performs general housekeeping activities where those activities "exceed 20 percent of the total weekly hours worked."

28. As a result of Defendant's above conduct, Defendant cannot support a claim that its violation of the FLSA as to the Plaintiff was in good faith and/or that it had a reasonable grounds for believing that its act or omission was not a violation of the FLSA.

29. In reckless disregard of the FLSA, the Ohio Wage Act, OPPA, and the work being performed by its HHAs, Defendant adopted and then adhered to its policy and plan of classifying Plaintiff as exempt from overtime requirements.

## COUNT I
### (VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*. FAILURE TO PAY OVERTIME WAGES)

30. Plaintiff re-alleges and incorporates all previous paragraphs herein.

31. At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. § 201, *et seq*.

32. Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

33. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

34. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

35. The positions of HHA and CNA are not exempt from the FLSA.

36. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" her within the meaning of the FLSA, 29 U.S.C. § 203(g).

37. The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

38. Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

39. Upon information and belief, Defendant has corporate policies of evading overtime pay for its hourly workers.

40. Defendant's violations of the FLSA were knowing and willful.

41. By failing to compensate its hourly workers at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

42. The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

### COUNT II
### (VIOLATION OF THE OHIO WAGE ACT, O.R.C. § 4111.01, § 4111.03, and § 4111.10)

43. Plaintiff re-alleges and incorporates all previous paragraphs herein.

44. At all times relevant to this action, Plaintiff was an "employee" within the meaning of the Ohio Wage Act.

45. Defendant has violated, and continues to violate, the Ohio Wage Act because of its willful failure to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

46. As a result of Defendant's violation of the Ohio Wage Act, Plaintiff has suffered irreparable harm for which there is no adequate remedy at law.

47. The Ohio Wage Act, R.C. § 4.111.10, provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus attorneys' fees and costs.

## COUNT III
## (VIOLATION OF THE OHIO PROMPT PAY ACT, O.R.C. § 4113.15, *et seq*.)

48. Plaintiff re-alleges and incorporates all previous paragraphs herein.

49. During all times material to this complaint, Plaintiff was an "employee" within the meaning of the OPPA.

50. Defendant has violated, and continues to violate, the OPPA because of its willful failure to compensate Plaintiff on or before the first day of each month, for wages earned by Plaintiff during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by Plaintiff during the last half of the preceding calendar month. *See* R.C. §4113.15(A).

51. During all times material to this complaint, Plaintiff was not paid wages, described as overtime wages at one and one-half times their regular hourly rate and the pay improperly deducted, within thirty (30) days of performing the work. *See* R.C. §4113.15(B).

52. As a result of Defendant's violation of the OPPA, Plaintiff has suffered irreparable harm for which there is no adequate remedy at law.

WHEREFORE, Plaintiff requests the following relief:

a.  Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

b.  Declaring that Defendant violated its obligations under the FLSA;

c.  Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiff's regular rates multiplied by all hours that Plaintiff worked in excess of forty (40) hours per week since December 13, 2010;

d.  Awarding Plaintiff (6) per cent interest on all available compensatory damages, including, inter alia, all unpaid wages that remain unpaid for more than thirty (30) days after the work has been performed under the OPPA;

e.  Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff;

f.  Awarding reasonable attorney fees and costs incurred by Plaintiff in filing this action;

g.  Awarding pre- and post-judgment interest to Plaintiff on these damages; and

h.  Such further relief as this court deems appropriate.

Dated: December 15, 2015        Respectfully submitted,

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Robi J. Baishnab (OH Bar No. 0086195)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: bderose@barkanmeizlish.com
       rbaishnab@barkanmeizlish.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

>                             */s/ Robert E. DeRose*
>                             Robert E. DeRose